**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

_____

| | |
|---|---|
| In re: | ) |
| | ) |
| | )  Case No. 20-12470-KHK |
| Club X, LLC, | ) |
| | )  Chapter 7 Proceeding |
| Debtor. | ) |

_____ )

## NOTICE OF SUBPOENA TO SPORT & HEALTH HOLDINGS, LLC

Jennifer J. West, Chapter 7 Trustee of ClubX, LLC, through counsel and pursuant to Rule

45 of the Federal Rules of Civil Procedure, made applicable by the Federal Rules of Bankruptcy

Procedure, serves this Notice of Subpoena to Sport & Health Holdings, LLC.  The Rule 45

Subpoena issued to non-party Sport & Health Holdings, LLC, with all corresponding exhibits and

attachments, is attached hereto as **Exhibit A**.


DATED: September 20, 2022              JENNIFER J. WEST,  Chapter 7 Trustee


                                      By: /s/ Christopher A. Hurley
                                      _____
                                                  Counsel


_____
Jennifer J. West, Esquire (VSB #47522)
Robert H. Chappell, III, Esquire (VSB #31698)
Christopher A. Hurley, Esquire (VSB #93575)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
Email:   rchappell@spottsfain.com
         jwest@spottsfain.com
         churley@spottsfain.com
*Counsel for Jennifer J. West,*
*Chapter 7 Trustee*

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Christopher A. Hurley, Esquire (VSB #93575)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
Email: tmoore@spottsfain.com
        jwest@spottsfain.com
        churley@spottsfain.com
*Counsel for Jennifer J. West,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, I caused to be served a copy of the foregoing via electronic means or U.S. Mail, postage prepaid, on the following persons:

ClubX, LLC
451 Hungerford Dr., Suite 700
Rockville, MD 20850
*Debtor*

Steven B. Ramsdell
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
*Debtor's Counsel*

John P. Fitzgerald, III
Office of the U.S. Trustee, Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
*U.S. Trustee*

Stephen K. Gallagher
Venable LLP
8010 Towers Crescent Dr., Suite 300
Tysons, VA 22182
*Counsel for Worldgate Centre Owner LLC*

Bradford F. Englander
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
*Counsel for Sport & Health Holdings, LLC*

/s/ Christopher A. Hurley

2

**<u>EXHIBIT A</u>**

B2570 (Form 2570 - Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 20-12470-KHK    Doc 118    Filed 09/20/22    Entered 09/20/22 10:20:25    Desc Main
Document    Page 4 of 14

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of _____ Virginia _____

In re _____ ClubX, LLC _____
Debtor

Case No. __20-12470-KHK__

*(Complete if issued in an adversary proceeding)*

Chapter __7__

_____

_____
Plaintiff

Adv. Proc. No. _____

v.

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Sport & Health Holdings, LLC c/o David Canfield, RA, Bean, Kinney & Korman, P.C., 2311 Wilson Blvd., Suite 500, Arlington, VA 22201__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached "Schedule A"

| PLACE   Hirschler Fleischer, PC, c/o Stephen E. Leach, Esq., 8270 Greensboro Drive, Suite 700, Tysons, VA 22102 | DATE AND TIME   October 3, 2022, at 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/19/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Jennifer J. West, Trustee__ , who issues or requests this subpoena are:
__Robert H. Chappell, III, Esq., Spotts Fain PC, 411 E. Franklin St., Suite 600, Richmond, VA 23219, rchappell@spottsfain.com, (804) 697-2000__

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 20-12476-KHK   Doc 118   Filed 09/20/22   Entered 09/20/22 10:20:28   Desc Main
Document      Page 5 of 14

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A to Subpoena Duces Tecum to Sport & Health Holdings, LLC

**I. Definitions**

1.      "Debtor" refers to ClubX, LLC, and all of its shareholders, parents, subsidiaries, predecessors, assignors, assignees, members, managers, divisions, affiliates, officers, directors, agents, employees, representatives, investors, or consultants.

2.      "Trustee" refers to Jennifer J. West, Esquire, in her capacity as the Chapter 7 Trustee for the bankruptcy estate of ClubX, LLC.

3.      "Holdings" means Sport & Health Holdings, LLC, and all of its shareholders, parents, subsidiaries, predecessors, assignors, assignees, members, managers, divisions, affiliates, officers, directors, agents, employees, representatives, investors, or consultants.

4.      The "Promissory Note" means the Purchase Money Promissory Note (produced by Holdings in part as Bates Nos. S&H_ClubX-0000101 through S&H_ClubX-0000110) in the amount of $21 million dated August 19, 2014, executed by USF S&H Topco, LLC, and all schedules, exhibits, attachments, amendments or modifications thereto.

5.      The "2014 Transaction" means the transaction evidenced in part by that certain "Joint Purchase Agreement" produced by Holdings in part as Bates Nos. S&H_ClubX-0000001 through S&H_ClubX-0000094.

6.      The "2018 Transaction" means the transaction evidenced in part by that certain Master Agreement dated February 14, 2018, referenced in the document produced by Holdings as Bates Nos. S&H_ClubX-0002464 through S&H_ClubX-0002619.

7.      "Board of Managers" means, with respect to a limited liability company, any and all Persons or groups of Persons to whom the limited liability company has delegated full or partial responsibility for managing the limited liability company as provided for in Virginia Code § 13.1-

1

1024, or any similar group of Persons exercising control over the limited liability company.

8.     "Accounts" or "Account" means any deposits of money or investment instruments, including without limitation checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions; bond funds, investment accounts, and money market accounts; government and corporate bonds; and trusts.

9.     "Tax Documents" means any and all Schedules K-1, Forms 1099, Forms W-9, or any other tax-related forms used to report the income, losses, dividends, or other tax-related information to a business's partners, shareholders, members, or investors, or to governmental taxing authorities.

10.     "Equity Investments" means all capital contributions or other payments or transfers of money or assets made in exchange for or in relation to an interest in a company, partnership, limited liability company, corporation, or other entity, including by the partners, shareholders, members, owners, or investors of such entity.

11.     "Petition Date" means November 5, 2020.

12.     "Document" shall include any written, electronic or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, contracts, messages, letters, telegrams, teletype, telefax, bulletins, electronic mail, inter-office and intra-office telephone call slips, telephone logs, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, limited offering circulars, disclosure statements, registration statements, financial statements, statements of net

2

worth, schedules, affidavits, contracts, canceled checks, check stubs, statements, deposition

transcripts or other sworn or unsworn statements, reports or testimony, statistics, and all drafts,

alterations and modifications, changes, amendments of any kind of the foregoing, graphic or oral

records or representations of any kind, regardless of whether designated "confidential" or

otherwise, including, without limitation, photographs, microfiche, microfilm, videotape, records

and motion pictures and electronic, mechanical or electric records or representations of any kind,

including without limitation, tapes, cassettes, compact discs, computer discs or other storage and

records. With respect to any documents that are not in hard copy, please translate the documents

into reasonably usable form.

13.    "Persons" or "person" means any and all individuals or entities, including without

limitation individuals, associations, companies, partnerships, sole proprietorships, joint ventures,

limited liability companies, corporations, trusts, estates, agencies or governmental entities.

14.    "Relating to" or "related to" means connected with, regarding, discussing, referring

to, or in any way pertaining to.

15.    "Evidencing" means, in addition to its customary and usual meaning, reflecting,

describing, displaying, exhibiting, summarizing, establishing, supporting, proving, depicting,

fixing, recording, reporting, tending to establish, or tending to prove.

16.    "Identify" or "identifying" means: (i) when used in reference to documents, to

describe the documents by each author, sender, addressee, recipient, date of creation or

transmission, subject, place of recording, and custodian; (ii) when used in reference to an entity or

person, to state the full name, present or last known address, and present or last known telephone

number of such entity; (iii) when used in reference to any fact, act, occurrence, transaction,

statement, communication, or other matter, to describe, explain, and state with particularity the

3

facts constituting such matter; and (iv) when used in reference to a payment, to state the date, amount, method of payment, and source of funds.

17.     When construing any of the terms or words used herein, unless otherwise indicated, the singular includes the plural and the plural includes the singular; masculine, feminine or gender neutral terms include each other; past, present or future tenses include each other; the disjunctive includes the conjunctive, and the conjunctive includes the disjunctive; "and" includes "or" and "or" includes "and;" "any" includes "all," "each," and "every," and vice versa; "refer" includes "relate" and "concern" and vice versa.

## II. Instructions

1.     If you object to, or otherwise decline to respond to any portion of a document request, please provide all information called for by that portion of the request to which you do not object or for which you do not decline to answer.  If you object to any request on the ground that it is too broad, provide such information which is relevant.  For those portions of any requests to which you object or which you otherwise decline to answer, state the reason for such objection.

2.     Unless modified by an Electronically Stored Information ("ESI") Stipulation agreed to by the Trustee, ESI shall be produced in bates-stamped TIFF file format with an accompanying text-searchable image file and dii load file.  Files that are not easily converted to image format, for example Excel and Access files, shall be produced in native format.  If documents are produced in native format, a slip-sheet should be included in the image load file with the corresponding bates number(s).  To the extent metadata associated with ESI exists, the following metadata shall be produced to the extent such metadata exists in the document: Custodian, File Path, Email Subject, Conversation Index, From, To, Cc, Bcc, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Last Modified, MD5 Hash, File

Extension, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof to any of the above).

3.      Unless modified by an ESI Stipulation agreed to by the Trustee, Documents and things that exist only in hard copy or tangible form (i.e., a document which was not first generated by a computer, such as handwritten memoranda) may be produced in .pdf form.

4.      These requests call for the production of all responsive documents in your possession, custody or control, or to the extent that you exercise control over them, all responsive documents in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5.      In responding to these requests, include responsive documents obtained on your behalf by your counsel, employees, agents or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

6.      If any document was, but no longer is, in your possession, subject to your control or in existence, include a statement:

     **a.**   identifying the document;

     **b.**  describing where the document is now;

     **c.**  identifying who has control of the document;

     **d.**  describing how the document became lost or destroyed or was transferred; and

     **e.**  identifying each of those persons responsible for or having knowledge of the loss,

destruction or transfer of this document from your possession, custody or control.

7.      Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8.      If any document is withheld in whole or in part, for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, at the time of otherwise responding, set forth separately with respect to each withheld document:

      **a.**  the ground of privilege or protection claimed;

      **b.**  each and every basis under which the document is withheld;

      **c.**  the type of document;

      **d.**  its general subject matter;

      **e.**  the document's date; and

      **f.**  other information sufficient to enable a full assessment of the applicability of the privilege or protection claims.

9.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

**III. Documents to be Produced**

1.      Documents evidencing the allocation of membership interests of Holdings among its owners from August 1, 2014, to the present.

2.      Documents identifying or evidencing the membership of the Debtor's Board of Managers from August 1, 2014, to the Petition Date.

3.      Any resolutions of the Debtor's members or Board of Managers from January 1, 2014, through the Petition Date.

4.      Any resolutions of Holdings's members or Board of Managers from January 1, 2014, through the present.

5.      Any minutes of meetings of the Debtor's members or Board of Managers for meetings taking place between January 1, 2014, and the Petition Date.

6.      Any minutes of meetings of Holdings's members or Board of Managers for meetings taking place between January 1, 2014, and the present.

7.      Any written consents in lieu of meetings of the Debtor's members or Board of Managers for meetings taking place between January 1, 2014, and the Petition Date.

8.      Any written consents in lieu of meetings of Holdings's members or Board of Managers for meetings taking place between January 1, 2014, and the present.

9.      Any statements for all Accounts in which Holdings owns or has owned an interest between January 1, 2018, and the present, including without limitation images of checks, items, or instruments drafted from or deposited into each Account.

10.     Documents identifying any Equity Investments made in Holdings from 2014 to the present.

11.     Documents identifying any loans made to Holdings from owners of Holdings, whether the owners' interest is direct or indirect, from 2014 to the present.

7

12.      Any documents identifying or evidencing any loans made to the Debtor from any owner of the Debtor or any owner of Holdings, whether the owner's interest is direct or indirect, from 2014 to the Petition Date.

13.      Any documents identifying or evidencing the allocation of the Promissory Note among Holdings, the Debtor, or any other Person.

14.      Any documents evidencing or identifying the allocation of consideration allocated or paid to the Debtor or Holdings as part of the 2014 Transaction.

15.      Any documents identifying or evidencing the entry identified as "Funding from Owner" on the Debtor's consolidated balance sheets for years ending 2014 through 2019, produced by Holdings as Bates Nos. S&H_ClubX-0003011 through S&H_ClubX-0003016.

16.      Any documents evidencing or identifying the entry identified as the "Note Receivable VM Club Properties, LLC," on the document produced by Holdings as Bates Nos. S&H_ClubX-0003535 through S&H_ClubX-00033537.

17.      All final tax returns filed by or on behalf of Holdings from 2014 through the present, including all schedules, statements, attachments, and amendments thereto.

18.      All final versions of all agreements, contracts, or other written documents evidencing the 2018 Transaction, including without limitation that certain Master Agreement referenced in the document produced by Holdings as Bates Nos. S&H_ClubX-0002464 through S&H_ClubX-0002619, all side agreements and other contracts or agreements executed substantially contemporaneously with the Master Agreement, and all schedules, exhibits, attachments, modifications or amendments to any of the foregoing.

8