IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| In Re:<br>ClubX, LLC,<br><br>*Debtor.* | BK No.: 20-12470-KHK<br>Chapter 7 |
|---|---|

### WORLDGATE CENTRE OWNER, LLC'S ANSWER
### TO TRUSTEE'S CLAIM OBJECTION

Worldgate Centre Owner, LLC ("Worldgate"), by and through its undersigned counsel, hereby files its Answer in opposition to the Trustee's Objection to Worldgate's Proof of Claim and states as follows:

1. Worldgate filed its Proof of Claim of Claim No. 1 on April 22, 2021.

2. Claim No. 1 is in the amount of $27,968,342.65 and is for Debtor's obligations under a Guaranty of Commercial Lease.

3. The Trustee filed its Objection to Claim No. 1 on November 4, 2022. The claim objection should be overruled because Worldgate has suffered significant damages that are the subject of Claim No. 1, which is valid on its face and subject to amendment.

4. The Trustee's Objection first states that Worldgate has not provided sufficient information and documentation to support its claim for unpaid rent. However, in support of Claim No. 1 Worldgate has provided its Statement of Claim from an arbitration claim which sets forth Worldgate's claim of $27,968,342.65, the 1994 Commercial Lease, and the Guaranty of Commercial Lease. Worldgate has also provided to the Trustee a calculation of the

Stephen K. Gallagher, VSB No. 38085
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
Phone: (703) 760-1600
Fax: (703) 821-8949
skgallagher@venable.com
*Counsel to Worldgate Centre Owner, LLC*

$27,968,342.65 (which includes the calculation of unpaid rent), all amendments to the 1994 Commercial Lease, and the letter terminating the lease, along with other documentation. This documentation is sufficient to support Worldgate's claim for unpaid rent. The bare statement made by the Trustee that the claim amount does not match the amount of debt reflected in the Debtor's books and records is not sufficient to disallow or reduce the claim, and no such books and records were filed with the objection. Worldgate has insufficient knowledge of the Debtor's books and records to admit or deny statements about them, and so denies any allegation that the claim amount does not match the amount of debt reflected in the Debtor's books and records.

     5.     The Trustee states that Worldgate has provided insufficient documentation to verify calculation of the termination damages, which Worldgate denies. The Trustee suggests that Worldgate must show mitigation for post-petition income, application of present value of money deductions, applicable fair market value deductions, and applicable limitations under the Bankruptcy Code. But, the Trustee has failed to provide support that Worldgate's claim for termination damages against the guarantor is subject to these limitations/deductions. For example, there is nothing in the Guaranty of Commercial Lease that suggests that Worldgate must mitigate its damages. *See Southern Bank & Trust Co. v. Prosperity Beach, LLC*, 2015 WL 2169500, *4 (E.D. Va. 2015). In any event, the allegations that Worldgate must show mitigation for post-petition income, application of present value of money deductions, applicable fair market value deductions, and applicable limitations under the Bankruptcy Code are legal conclusions or arguments that do not require admission or denial, and therefore Worldgate denies any factual allegations contained therein.

     6.     The Trustee also alleges that there may be certain defenses, counterclaims, and offsets raised by the tenant in the state court litigation involving the lease that may also be

available to the Debtor in determining the proper amount owed under Claim No. 1. While defenses, counterclaims, or offsets may have been raised by the tenant in prepetition litigation, they were mere assertions and remain unproven. Damages under the underlying lease remain subject to arbitration, which was stayed, and there has been no determination of the validity or amount of any alleged defenses, counterclaims, and offsets. The Trustee's allegations that there may be certain defenses, counterclaims, and offsets raised by the tenant in the state court litigation involving the lease that may also be available to the Debtor in determining the proper amount owed under Claim No. 1, are legal conclusions or arguments that do not require admission or denial, and therefore Worldgate denies any factual allegations contained therein.

7. Worldgate reserves the right to amend or supplement its Proof of Claim.

8. Therefore, the Trustee's Objection should be overruled, and Claim No. 1 should be allowed.

WHEREFORE, Worldgate requests that this Court enter an Order overruling the Objection, allowing Claim No. 1, and granting such other relief as is just and proper.

Dated:  December 21, 2022            By:            */s/ Stephen K. Gallagher*
                                                    Stephen K. Gallagher
                                                    (VSB No. 38085)
                                                    VENABLE LLP
                                                    8010 Towers Crescent Drive
                                                    Suite 300
                                                    Tysons Corner, VA 22182
                                                    Phone: (703) 760-1600
                                                    Fax: (703) 821-8949
                                                    skgallagher@venable.com

                                                    *Counsel to Worldgate Centre Owner, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of December 2022, a copy of the foregoing Answer was served via this court's ECF system on those parties listed to receive such notice and via first class United States mail, postage prepaid, on the following parties:

Robert H. Chappell, III
Jennifer J. West
Spotts Fain PC
411 E. Franklin Street, Suite 600
Richmond, VA 23219

                                                */s/ Stephen K. Gallagher*
                                                Stephen K. Gallagher