**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

|   |   |
|---|---|
| In re:<br><br>ClubX, LLC,<br><br>        Debtor. | Case No. 20-12470-KHK<br><br>Chapter 7 Proceeding |

**JOINT STIPULATION MODIFYING MEDIATION ORDER**

      Jennifer J. West, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of ClubX, LLC, Sport & Health Holdings, LLC ("Holdings"), and Worldgate Centre Owner LLC ("Worldgate," and together with the Trustee and Holdings, the "Parties"), by counsel, hereby stipulate as follows:

      1.      On November 23, 2023, the Court entered the Order Granting Motion Requesting Judicial Mediation (ECF No. 152) (the "Mediation Order"), pursuant to which certain claims and disputes between or among the Parties were referred to the Honorable Kevin R. Huennekens as Mediator (the "Mediator").

      2.      The Mediation Order provides: "Unless otherwise modified by the Mediator, within fifteen (15) days after appointment of the Mediator, the Parties must have commenced the Mediation process by having scheduled a date for the Mediation, which date shall be no later than forty-five (45) days following the appointment of the Mediator." (*Id.* ¶ (4)(e)(i)).

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Christopher A. Hurley, Esquire (VSB #93575)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
Email: rchappell@spottsfain.com
jwest@spottsfain.com
churley@spottsfain.com
*Counsel for Jennifer J. West,*
*Chapter 7 Trustee*

3. The Mediation Order further provides: "The Mediation must be concluded no later than ninety (90) days after the entry of an order approving this Motion [sic] unless otherwise extended by this Court upon notice and opportunity to object provided to all Parties." (*Id.* ¶ (4)(e)(vii)).

4. Upon entry of the Mediation Order, the Parties promptly attended a status conference with the Mediator and commenced the document exchange protocol outlined in the Mediation Order.

5. The Parties are continuing to engage in the document exchange protocol and the Trustee has received substantial documents from both Holdings and Worldgate pursuant to Paragraphs 4(c)(i) and 4(c)(ii) of the Mediation Order. However, the Trustee is not in a position to confirm that she is in possession of substantially all of the Worldgate Documents, as required by Paragraph 4(c)(iii) of the Mediation Order. To facilitate mediation, the Trustee is authorized to, and shall, produce the Holdings Documents to Worldgate, and the Worldgate Documents to Holdings, in accordance with and subject to the terms of the Mediation Order (as modified by this Stipulation).

6. The Trustee shall transmit all such documents to the appropriate Parties as soon as practicable and no later than five (5) business days following the execution of this Stipulation by the Parties.

7. Subject to Paragraph 4(d) of the Mediation Order, in the event that any Party requests additional documents or information, any request for such additional documents or information shall be requested in writing within fourteen (14) days following the Trustee's delivery of the Worldgate Documents to Holdings, or the Holdings Documents to Worldgate (as applicable). Any request for documents submitted after such date(s) shall be presumed to be

untimely and, absent either consent of the Party who is subject to the request, or order of the Mediator for good cause shown, may be disregarded.

8. The deadline for the Parties to schedule the Mediation has passed, and the Parties will not be able to complete the Mediation within the ninety-day deadline provided in the Mediation Order.

9. The Parties have scheduled the Mediation for April 9, 2024 in coordination with the Mediator.

10. The Parties represent that they have conferred with the Mediator and he is in agreement with this Stipulation.

11. The Parties hereby stipulate and agree to modify the Mediation Order, to provide that the forty-five day deadline set forth in paragraph 4(e)(i) is hereby waived and the ninety-day deadline set forth in paragraph 4(e)(vii) shall be calculated from the date of entry of this Stipulation instead of from the date of entry of the Mediation Order, and shall continue to be subject to further extension either: (a) by further stipulation of all Parties, with consent of the Mediator, or (b) by order of this Court upon notice and opportunity to object provided to all Parties to this Stipulation.

IT IS SO ORDERED.

ENTERED: Feb 9 2024

/s/ Klinette H Kindred
_____
HON. KLINETTE H. KINDRED
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Feb 9 2024

3

WE ASK FOR THIS:

/s/ Jennifer J. West
_____

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Christopher A. Hurley, Esquire (VSB #93575)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
Email: rchappell@spottsfain.com
jwest@spottsfain.com
churley@spottsfain.com
*Counsel for Jennifer J. West,*
*Chapter 7 Trustee*


SEEN AND AGREED:


/s/ Nicholas M. DePalma (by Jennifer J. West with permission via email)
Stephen K. Gallagher, Esquire
Nicholas M. DePalma, Esquire
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
Phone: (703) 760-1600
Fax: (703) 821-8949
skgallagher@venable.com
nmdepalma@venable.com
*Counsel to Worldgate Centre Owner, LLC*

SEEN AND AGREED:

/s/ Bradford F. Englander (by Jennifer J. West with permission via email)
Bradford F. Englander, Esquire
WHITEFORD TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com
*Co-Counsel to Sport & Health Holdings, LLC*

SEEN AND AGREED:


/s/ C. Bryan Wilson (by Jennifer J. West with permission via email)
C. Bryan Wilson, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Email: bwilson@wc.com
*Co-Counsel to Sport & Health Holdings, LLC*


## LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

      I hereby certify that the foregoing ordered Stipulation has been endorsed by or served upon all necessary parties.


Date:  February 8th, 2024                                         /s/ Jennifer J. West
                                                                                                               Counsel