UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| In re:<br><br>ClubX, LLC,<br><br>   Debtor. | Case No. 20-12470-KHK<br><br>Chapter 7 Proceeding |

**JOINT MOTION TO REOPEN PROCEEDINGS TO SEEK CLARIFICATION
CONCERNING THE SCOPE OF THE COURT'S BAR ORDER**

Worldgate Centre Owner, LLC ("Worldgate"), Sport & Health Holdings, LLC ("Holdings"), RT Sport & Health Holding, LLC ("RT"), VM Club Properties, LLC ("VM Club"), The Minkoff Family Investment Club LLC ("Minkoff Family"), Green Stamps LLC ("Green Stamps"), Real Property Advisors, L.L.C. ("RPA"), Thomas D.W. Fauquier ("Mr. Fauquier"), Russell C. Minkoff ("Russell Minkoff"), and Barry Minkoff (collectively, the "Parties"), by counsel respectfully move jointly to reopen proceedings to seek clarification of the Court's January 14, 2025 Order granting the Trustee's Motion to Approve Settlement and Compromise (Dkt. 184).

In support, the Parties state as follows:

1. On March 9, 2020, Worldgate filed a one-count Complaint for breach of contract against Sport & Health Clubs, L.C.—now ClubX as successor in interest—in the Fairfax County

Stephen K. Gallagher, VSB No. 38085
Nicholas M. DePalma,  VSB No. 72886
VENABLE LLP
1850 Towers Crescent Drive, Suite 400
Tysons Corner, VA 22182
Phone: (703) 760-1600
Fax: (703) 821-8949
skgallagher@venable.com
nmdepalma@venable.com

*Counsel to Worldgate Centre Owner, LLC*

Circuit Court, seeking damages as a result of ClubX's alleged breach of its guaranty agreement with Worldgate associated with a lease by Sport & Health Clubs, LC of a fitness facility in Herndon, Virginia. *See Worldgate Center Owner, LLC v. Sport & Health Clubs, LC*, Case No. CL 2020-04109 (Fairfax) (the "Fairfax Action")

    2.     On November 5, 2020, ClubX filed a Chapter 7 Bankruptcy petition in this Court.

    3.     On February 11, 2021, the Fairfax County Circuit Court, having received a Suggestion in Bankruptcy, honored the automatic stay and struck the Fairfax case from the docket without prejudice to any party to renew the cause.

    4.     On July 1, 2024, Jennifer J. West, Chapter & Trustee ("Trustee") for the ClubX Bankruptcy Estate, moved for an order approving a Settlement Agreement between the Trustee and the following parties: Holdings, VM Club, RT, Green Stamps, KonzKettle, LLC ("KonzKettle"), Be The Change, L.L.C. ("BTC"), Leslie Ariail, Trustee, EMS Residuary Trust ("EMS Residuary Trust"), Leslie Ariail, Trustee, EMS Family Trust ("EMS Family Trust"), Real Property Advisors, L.L.C. ("RPA"), Minkoff Family, Mr. Fauquier, Russell Minkoff, and Barry Minkoff (Dkt. 159).

    5.     On January 14, 2025, this Court entered an order granting the motion to approve the Settlement Agreement (Dkt. 184).

    6.     In its order, the Court held the following:

> Upon the Effective Date, the Trustee, Debtor, and all other parties receiving notice of this Motion and the Settlement Agreement are hereby barred and enjoined from filing, asserting, and/or prosecuting any claim, counterclaim, demand, or litigation over any of the claims or causes of action released in the Settlement Agreement, or that the Trustee asserted or could have asserted against the Holdings Parties and/or other Released Parties (as defined in the Settlement Agreement), or that such person could have asserted derivatively on behalf of the Debtor or its Estate, including without limitation claims for fraudulent or voluntary conveyances, turnover, conversion, violation of the trust fund doctrine, unjust enrichment, imposition of a

constructive trust, disallowance of a proof of claim, recharacterization of debt as equity, equitable subordination, breach of fiduciary duty, and breach of trust.

Dkt. 184 at ¶ 7.

7. The Court's order went on to state the following:

Notwithstanding anything to the contrary herein or in the Settlement Agreement, the Released Claims, shall in no event include any individual separate claim of Worldgate that does not constitute a cause of action that the Trustee has standing to bring in her capacity as the Trustee of the estate. For the avoidance of doubt, Released Claims will include causes of action that Worldgate may have had standing to bring under state law or applicable nonbankruptcy law prior to the bankruptcy filing but subsequently became estate causes of action upon the filing of the bankruptcy petition.

*Id.* at ¶ 8.

8. On July 17, 2025, the Clerk entered an order discharging the Trustee and closing the case (Dkt. 206).

9. On July 24, 2025, Worldgate filed a Motion for Leave to Reopen Case, Resume Proceedings, and Amend the Complaint in the Fairfax Action, attaching a proposed Amended Complaint that included the following four causes of action:

    a. Breach of Contract against ClubX (Count I);

    b. Fraud against ClubX (Count II);

    c. Tortious Interference with Contract (Count III) and Business Conspiracy under Va. Code §§ 18.2-499 and 18.2-500 (Count IV) against Club X, Holdings, VM Club, Minkoff Family, Green Stamps, RPA, Mr. Fauquier, Russell Minkoff, and Barry Minkoff.

10. On August 6, 2025, the Fairfax County Circuit Court granted Worldgate's Motion to Reopen the case and Amend the Complaint, deeming the Amended Complaint filed as of August 6, 2025. A copy of the Amended Complaint is attached as **Exhibit A**.

3

11. On August 7, 2025, counsel for the defendants in the Fairfax Action (excluding ClubX) demanded that Worldgate cease and desist from pursuing its claims in the Fairfax Action on grounds that Worldgate's filing of the Amended Complaint violated Paragraph 7 of the Court's order approving the Settlement Agreement (the "Bar Order") (Dkt. 184).

12. On August 8, 2025, Worldgate's counsel responded that the Trustee did not have standing to bring the claims asserted in the Fairfax Action, which belonged to Worldgate and were not part of the ClubX Bankruptcy Estate. Nevertheless, Worldgate proposed that the parties first address their disagreement by obtaining clarification from this Court regarding the scope of its order by (a) seeking clarification, aid, and direction from this Court on whether the claims articulated by Worldgate in its Amended Complaint in the Fairfax Action are barred under the Bar Order; and (b) staying the Fairfax Litigation until this issue could be addressed, including discovery and responsive pleadings.

13. The Parties to this motion constitute all parties in the Fairfax Action and jointly agree that requesting this Court clarify its order before incurring extensive litigation costs is the most efficient and least costly means of resolving this threshold issue.

14. The Parties propose that the Court first re-open the case for matters related to whether the claims in the Fairfax Action are barred by the Court's January 14, 2025 order (Dkt. 184), including without limitation granting appropriate relief. *See* 11 U.S.C. § 350 (permitting a case to be reopened "for other cause").

15. Jennifer West, who previously served as the Trustee in this matter, has indicated that she takes no position on this motion. The Parties do not believe that reappointment of the Trustee is necessary given the limited purpose of this Motion. *See* Fed. R. Bankr. P. 5010 ("In a reopened Chapter 7, 12, or 13 case, the United States trustee must not appoint a trustee unless the

4

court determines that one is needed to protect the interests of the creditors and the debtor, or to ensure that the reopened case is efficiently administered.")

16. The Parties further propose the following motions, briefing, and hearing schedule to allow the Court the opportunity to consider their positions:

    a. Cross-Motions and Opening Briefs by all Parties: **October 3, 2025**

    b. Response to Opening Briefs: **November 7, 2025**

    c. Reply Briefs: **November 14, 2025**

    d. Hearing Date: As soon thereafter as the Court is available.

17. The parties further stipulate and agree that any response to the Amended Complaint, whether in state or federal court, is not due until 45 days after the Court enters an order determining whether the claims in the Fairfax Action are barred by the Court's January 14, 2025 order (Dkt. 184). The parties may file this stipulation in the Fairfax Action as necessary.

WHEREFORE, for the reasons stated above, the parties respectfully request that the Court enter an order:

    A) Reopening this case for matters related to whether the claims in the Fairfax Action are barred by the Court's January 14, 2025 order (Dkt. 184), including without limitation granting appropriate relief;

    B) Setting a motions, briefing, and hearing schedule on the issue of whether the claims in the Fairfax Action are barred by the Court's January 14, 2025 order;

    C) Endorsing the parties' stipulation that any response to the Amended Complaint, whether in state or federal court, is not due until 45 days after the Court enters an order determining whether the claims in the Fairfax Action are barred by the Court's January 14, 2025 order; and

    D) Granting such further relief as this Court deems proper.

5

Dated: August 29, 2025

Respectfully Submitted,

WORLDGATE CENTRE OWNER, LLC

/s/ Stephen K. Gallagher
Stephen K. Gallagher (VSB No. 38085)
Nicholas M. DePalma  (VSB No. 72886)
VENABLE LLP
1850 Towers Crescent Drive, Suite 400
Tysons Corner, VA 22182
Phone: (703) 760-1600
Fax: (703) 821-8949
skgallagher@venable.com
nmdepalma@venable.com

*Counsel to Worldgate Centre Owner, LLC*

AND

SPORT & HEALTH HOLDINGS, LLC,
RT SPORT & HEALTH HOLDING, LLC,
VM CLUB PROPERTIES, LLC,
THE MINKOFF FAMILY INVESTMENT CLUB LLC,
GREEN STAMPS LLC,
REAL PROPERTY ADVISORS, L.L.C.,
THOMAS D.W. FAUQUIER,
RUSSELL C. MINKOFF, AND
BARRY MINKOFF

/s/ Bradford F. Englander
Bradford F. Englander, Esquire
WHITEFORD TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

/s/ C. Bryan Wilson
C. Bryan Wilson, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.

Washington, D.C. 20024
Telephone: (202) 434-5000
Email: bwilson@wc.com

*Co-Counsel to Sport & Health Holdings, LLC,*
*RT Sport & Health Holding, LLC,*
*VM Club Properties, LLC,*
*The Minkoff Family Investment Club LLC,*
*Green Stamps LLC,*
*Real Property Advisors, L.L.C.,*
*Thomas D.W. Fauquier,*
*Russell C. Minkoff, and*
*Barry Minkoff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2025, a copy of the foregoing Motion to Reopen Proceedings to Seek Clarification Concerning the Scope of the Court's Bar Order was sent by first-class U.S. mail, postage prepaid, and/or by electronic means to the following parties:

| | |
|---|---|
| ClubX, LLC<br>451 Hungerford Dr., Suite 700<br>Rockville, MD 20850-5121<br><br>*Debtor* | Office of the U.S. Trustee<br>1725 Duke Street, Suite 650<br>Alexandria, Virginia 22314 |
| Steven B. Ramsdell, Esq.<br>Tyler, Bartl, Ramsell & Counts, PLC<br>300 N. Washington St., Suite 202<br>Alexandria, Virginia 22314<br><br>*Debtor's Counsel* | Bradford F. Englander, Esq.<br>Whiteford Taylor & Preston, LLP<br>3190 Fairview Park Drive, Suite 800<br>Falls Church, Virginia 22042<br>benglander@whitefordlaw.com<br><br>*Co-Counsel to Holdings* |
| Robert H. Chappell, III, Esq.<br>Jennifer J. West, Esq.<br>Christopher A. Hurley, Esq.<br>Spotts Fain PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>rchappell@spottsfain.com<br>jwest@spottsfain.com<br>churley@spottsfain.com<br><br>*Counsel for Jennifer J. West, Chapter 7 Trustee* | C. Bryan Wilson, Esq.<br>Williams & Connolly LLP<br>680 Maine Avenue, S.W.<br>Washington, D.C. 20024<br>bwilson@wc.com<br><br>*Co-Counsel to Holdings* |

/s/ *Stephen K. Gallagher*
Stephen K. Gallagher